## CIRCUIT COURT OF THE CITY OF RICHMOND

Shumaila Khan

v.

Virginia
Commonwealth
University

April 2, 2008

Case No. CL07005329

BY JUDGE MELVIN R. HUGHES, JR.

This case is an appeal noted by a matriculating student from a decision of the Residency Committee of the Virginia Commonwealth University (VCU) denying eligibility for in-state tuition status.

To qualify for in-state status at a public educational institution in Virginia a student must "establish by clear and convincing evidence that, for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed." Va. Code § 23-7.4(B). To set aside a decision denying eligibility, the appellant must show that the decision was "arbitrary, capricious, or otherwise contrary to law." *Id.*

When this matter was argued, the court first pointed out the complete disagreement between the petitioner and VCU over several basic points, not the least of which was when the petitioner applied for attendance at VCU relative to when she relocated here from New York state. After the argument, the court decided to review the transcript of the hearing before the Committee.

Petitioner asserts that she is a "dependent student." VCU does not dispute this but observes that the petitioner did not make a sufficient showing that she derives substantial financial support from her parents. In the instance of a dependent student, the statute requires, under a clear and convincing

evidentiary standard, that the student show that the person through whom "he claims eligibility was domiciled in Virginia and has abandoned any previous domicile" for one year prior to the date eligibility is claimed. Va. Code § 23-7.4(B). Here, the evidence shows through the only witness to testify, the petitioner, that petitioner's family began looking for a residential home in Virginia in April 2006. In June 2006, petitioner applied and was accepted for enrollment at VCU. That month, petitioner's parents made an offer to purchase a house in Virginia. In July 2006, petitioner and her family moved to Virginia. In January 2007, petitioner began attending classes at VCU. In March 2007, petitioner's father sold all of his real property in New York. As mentioned, petitioner was the only witness before the Residency Committee. No member of her family, namely parents, testified. The Spouse, Parent, or Legal Guardian Supplement Form has a question for the parent, No. 18, which asks about the intent to remain in Virginia indefinitely. The answer to this question is blank.

Under the circumstances, the petitioner can be seen as not overcoming the statutory presumption that she came here for the purpose of attending school and not as a domiciliary. *Id.* This is a reasonable assessment, as found by the Committee, which is in no way "arbitrary, capricious, or contrary to law."

Accordingly, the decision of the Residency Committee will be upheld.